UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20564-CIV-ALTONAGA/O'Sullivan

**ALINA FEAS**,

    Petitioner,
v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

# ORDER

On February 14, 2014, Petitioner, Alina Feas ("Feas") filed a Motion Under 28 U.S.C. Section 2255 to Vacate . . . ("Motion") [ECF No. 1], and a Memorandum of Law in Support of Motion to Vacate . . . ("Memorandum") [ECF No. 4]. Respondent, United States of America filed a Response in Opposition . . . [ECF No. 12] on April 1, 2014; and Feas filed her Traverse . . . [ECF No. 27] on May 1, 2014. The case was referred to Magistrate Judge John J. O'Sullivan for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters. (*See* [ECF No. 28]). This cause comes before the Court on Judge O'Sullivan's Report and Recommendation ("Report") [ECF No. 29], entered June 9, 2014.

## I.  BACKGROUND[1]

On January 31, 2013, Feas was charged by superseding indictment with one count of conspiracy to commit health care fraud and four counts of health care fraud. (*See* Report 6; Mem. 4). On May 7, 2013, Feas pled guilty to one count of conspiracy to commit health care fraud and one count of health care fraud. (*See* Report 7–14; Mem. 4). Throughout the proceedings, Feas was represented by counsel, and in response to the Court's questions at her plea colloquy,

---

[1] Judge O'Sullivan's Report provides a detailed background (*see* Report 1–17) incorporated by reference here.

Feas represented she had read the plea agreement and discussed it with her counsel. (*See* Report 2–14). The Court went over the terms of the plea agreement, and Feas affirmed she understood the terms. (*See id.*).

On July 25, 2013, after a sentencing hearing, the Court sentenced Feas to 135 months of imprisonment followed by a three-year term of supervised release. (*See id.* 17; *see also* Mot. 1). In imposing the sentence, the Court considered "the show of support on behalf of [Feas]" as well as enhancements to Feas's base offense level based on the actual or intended loss, the sophisticated means of the offense, Feas's role as a supervisor, and the abuse of trust involved in Feas using her own Medicare provider number. (Report 12–17 (citation omitted; alteration added)).

Feas now seeks to vacate her conviction and sentence, asserting her counsel were constitutionally ineffective. (*See generally* Mot., Mem.). In his Report, Judge O'Sullivan recommends the Court deny the Motion. (*See* Report 1, 49). On July 9, 2014, Feas filed Objections to Report and Recommendation of Magistrate Judge ("Objections") [ECF No. 33]. Respondent filed a Response . . . ("Response") [ECF No. 35] on July 28, 2014.

## II. STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). The court need only conduct a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

Under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to establish ineffective assistance of counsel, a petitioner carries the burden to demonstrate (1) her counsel's performance fell below an objective standard of reasonableness and (2) the deficiency prejudiced the petitioner. In his Report, Judge O'Sullivan finds Feas has failed to establish her counsel was constitutionally ineffective or that her counsel was operating under a conflict of interest. (*See* Report 24–49).

First, Judge O'Sullivan analyzes Feas's claims as they regard assistance of counsel before Feas entered her plea. (*See id.* 24–33). Judge O'Sullivan notes Feas's arguments are contradictory: she simultaneously claims her attorneys were ineffective in (1) failing to prepare her to provide substantial assistance to the government and (2) failing to discover she did not possess sufficient information to render substantial assistance. (*See id.* 27). Both arguments conflict with the record, which reflects Feas's satisfaction with her counsel at the time she entered her guilty plea as expressed through her sworn answers to the questions the Court posed to her — and which would include her representation up to that point. (*See id.*). Therefore, Judge O'Sullivan declines to grant Feas's Motion on those claims.

Judge O'Sullivan similarly finds unpersuasive Feas's claim her attorneys were ineffective in failing to negotiate better terms for her plea agreement. (*See id.* 29–33). Feas argues the terms of her plea agreement were the result of inadequate lawyering, but Judge O'Sullivan notes the decision of whether to offer a plea agreement and on what terms is a matter of prosecutorial discretion. (*See id.* 30–32). Therefore, Feas cannot demonstrate she was prejudiced by her counsels' performance with respect to the terms of the plea agreement. (*See id.* 32). Judge O'Sullivan also finds Feas has failed to demonstrate she was prejudiced by her counsels' failure

to inform her of the possibility of entering a guilty plea without a plea agreement. (*See id.* 32–33).

Judge O'Sullivan finds Feas's assertions she was ineffectively counseled at the change of plea hearing similarly unpersuasive, as they do little more than contradict statements she made under oath at her plea colloquy. (*See id.* 34–38). "There is a strong presumption that the statements made during the [plea] colloquy are true," *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (alteration added), and Judge O'Sullivan finds Feas "has failed to carry the considerable burden of showing that her statements made under oath at the change of plea hearing were false" (Report 37).

Judge O'Sullivan also considers Feas's claims regarding the ineffectiveness of her counsel at sentencing. (*See id.* 38–43). Feas argues her attorneys were constitutionally ineffective in failing to object to certain sentence enhancements (*see* Mem. 15), but Feas herself admitted to those sentence enhancements at her plea hearing, and made a sworn statement affirming she understood and agreed to those terms (*see* Report 12–13, 38–39). In light of Feas's statements, Judge O'Sullivan concludes any objections "would have been futile." (*Id.* 39). Feas also asserts her counsel should have persuaded the Court not to apply an abuse of trust enhancement, but Judge O'Sullivan notes the record establishes her counsel objected to that enhancement, and their objections were considered and overruled by the undersigned at Feas's sentencing hearing. (*See* 41–42).

Finally, Judge O'Sullivan analyzes Feas's claim her counsel were constitutionally ineffective because they were laboring under a conflict of interest. (*See id.* 43–48). To prevail on an ineffective assistance counsel claim based on a conflict of interest, Feas must demonstrate "'first, that [her] attorney had an actual conflict of interest, and second, that the conflict adversely

4

affected counsel's performance.'" (*Id.* 43 (quoting *Aguilar-Garcia v. United States*, 517 F. App'x 880, 881 (11th Cir. 2013)) (alteration added)). Judge O'Sullivan finds Feas fails to meet either prong, as her "conclusory and unfounded" assertions regarding a possible conflict do not establish an actual conflict, and even they did, Feas has not demonstrated an adverse effect. (*Id.* 45–48).

Judge O'Sullivan concludes Feas has not established her representation was constitutionally ineffective, and recommends her Motion be denied. (*See id.* 49). He further finds there is no need for an evidentiary hearing. (*See id.* 20). Feas bears the burden of establishing a need for a hearing. *See Jenney v. United States*, No. 09-60248-CIV, 2010 WL 768883, at *8 (S.D. Fla. Mar. 8, 2010); *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). Judge O'Sullivan notes many of Feas's statements contradict her sworn statements made during the plea colloquy, and she cannot now disavow those sworn statements. (*See* Report 7 n.5 (citing *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988))). Judge O'Sullivan concludes Feas has not demonstrated she is entitled to an evidentiary hearing, as a hearing is not required "'where the petitioner's allegations are affirmatively contradicted by the record.'" (*Id.* 19 (quoting *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989))). All of Feas's assertions are contradicted by the record established at the plea and sentencing hearings, and "'[b]are allegations in a petitioner's subsequent affidavit, which are affirmatively contradicted by the record, are insufficient to warrant an evidentiary hearing.'" (*Id.* 20 (quoting *Jenney*, 2010 WL 768883, at *8) (alteration added)). Therefore, Judge O'Sullivan recommends her request for a hearing be denied. (*See id.* 19–20).

In her Objections, Feas asserts Judge O'Sullivan erred in recommending denial of an evidentiary hearing. (*See* Obj. 3–9). Feas insists she is entitled to a hearing because she has

5

brought forth a claim for relief with "'specific factual allegations supported by the affidavit of a reliable third person.'" (*Id.* 3 (quoting *United States v. Sanderson*, 595 F.2d 1021, 1021 (5th Cir. 1979)) (alteration added)). According to Feas, the affidavits of her son, Jerry Feas, and a personal friend, Lissette Gonzalez, support her allegations and establish she is entitled to an evidentiary hearing as a matter of law. (*See id.*; Affidavit of Jerry Feas, Esq. [ECF No. 32-1]; Affidavit of Lissette Gonzalez [ECF No. 4-3]). Feas insists the Court must reject Judge O'Sullivan's findings and conduct an evidentiary hearing on the Motion or, in lieu of holding an evidentiary hearing, grant her Motion. (*See* Obj. 2).

Feas relies heavily on *United States v. McCord*, 618 F.2d 389 (5th Cir. 1980), to argue an evidentiary hearing is warranted. (*See id.* 4–9). In *McCord*, the Fifth Circuit reversed a district court's denial of a section 2255 motion without an evidentiary hearing where an FBI agent's affidavit supported the petitioner's allegations. *See McCord*, 618 F.2d at 392–95. The *McCord* court found the agent's affidavit "raises a sufficient inference of an unkept plea bargain to warrant an evidentiary hearing under the express provisions of section 2255," and noted the district court had ignored the third-party affidavit in ruling on the petitioner's motion. *Id.* at 394–95.

Feas asserts "the facts of this case mirror the facts" in *McCord*, as she has provided two third-party affidavits corroborating her allegations. (Obj. 4–6). Feas argues Judge O'Sullivan erred in ignoring the affidavits of Jerry Feas and Lissette Gonzalez and "failing to make a determination as to the credibility and reliability" of their affidavits, and insists Judge O'Sullivan's recommendation to deny her Motion without an evidentiary hearing violates the binding precedent established in *McCord*. (*Id.* 9).

Feas also objects to Judge O'Sullivan's conclusions regarding the merits of her Motion, disagreeing with his findings. (*See id.* 10–21). Specifically, Feas maintains "her plea was not a

free and willing choice" because her counsel "failed to provide Petitioner with sufficient information to participate intelligently in the case." (*Id.* 10–11). Feas also argues Judge O'Sullivan mischaracterized her counsels' decisions "incorrectly as strategic choices as opposed to professional obligations where no discretion is allowed." (*Id.* 17). Finally, Feas insists her counsel labored under "an actual conflict of interest" throughout their representation of Feas. (*Id.* 18–21).

In responding to Feas's Objections, Respondent maintains an evidentiary hearing is not necessary, as "'[a] hearing is not required . . . where the petitioner's allegations are affirmatively contradicted by the record.'" (Resp. 6 (quoting *Holmes*, 876 F.2d at 1553) (alterations added)). Respondent argues Feas's plea colloquy firmly contradicts her arguments, and she has not carried her burden in establishing the need for an evidentiary hearing. (*See id.*). Respondent also argues Feas's reliance on *McCord* is misplaced, because unlike the petitioner in *McCord*, whose claim of an unkept plea bargain was supported by an FBI agent's affidavit, Feas has presented affidavits from her son and a personal friend to support her ineffective assistance of counsel claim, and those affidavits were in fact acknowledged and referenced multiple times in Judge O'Sullivan's Report. (*See id.* 6–9 (citing Report 3, 29)). Moreover, the petitioner in *McCord* claimed his guilty plea was improperly induced by the government. (*See id.* 9; *McCord*, 618 F.2d at 392–94). Nowhere in her papers does Feas claim she would have proceeded to trial but for her counsels' actions. (*See id.* 9, 12)).

Respondent maintains Feas's Objections to Judge O'Sullivan's findings should be overruled, as Judge O'Sullivan properly determined Feas's claims fail to meet the standard for ineffective assistance of counsel set out in *Strickland*, 466 U.S. at 687. (*See id.* 9–13). Respondent notes the affidavits Feas has presented to support her claims do not refute the record,

7

but instead "provide numerous references to meetings with Petitioner's former counsel to discuss the details of the case. This hurts, not helps, Petitioner's claim." (*Id.* 11). Respondent maintains Judge O'Sullivan thoroughly — and correctly — analyzed Feas's claims of ineffective counsel, and his finding that she has not demonstrated prejudice should be affirmed and adopted by the Court. (*See id.* 1, 5, 9–13).

Finally, Respondent argues Feas's arguments regarding a conflict of interest fail. (*See id.* 13–15). Respondent asserts Judge O'Sullivan accurately concluded there was no actual conflict of interest, and the record is devoid of any evidence Feas's attorneys "'were laboring under divided loyalties.'" (*Id.* 13 (quoting Report 44)). Moreover, Feas "cannot make the requisite showing that the conflict had an adverse effect." (*Id.* 14 (citing Report 43)). Respondent argues Feas's arguments regarding conflict of interest are "unfounded and conclusory," and "there is no evidence that Petitioner's former counsel advocated less vigorously on behalf of the petitioner in order to benefit [Feas's co-defendant, Gema] Pampin." (*Id.* 14–15 (citing Report 48) (alteration added)).

Reviewing the parties' written submissions, the record, and any applicable law *de novo*, the undersigned agrees with Judge O'Sullivan and finds Feas has failed to carry her burden to demonstrate ineffective assistance of counsel or establish the need for an evidentiary hearing. Unlike the petitioners in cases like *McCord*, 618 F.2d at 393–95; *Sanderson*, 595 F.2d at 1021; *Vandenades v. United States*, 523 F.2d 1220, 1223–25 (5th Cir. 1975); and *Dugan v. United States*, 521 F.2d 231, 232–34 (5th Cir. 1975), Feas's allegations — and the affidavits of her son and her personal friend corroborating those allegations — do not rise to the level of "credible documentary evidence which indicates a right to relief." *Vandenades*, 523 F.2d at 1223 (citing *Dugan*, 521 F.2d at 233). Feas has not moved to vacate her sentence on the basis of an unkept plea bargain, *see McCord*, 618 F.2d at 392–95; *Vandenades*, 523 F.2d at 1222–23; and *Dugan*, 521 F.2d at 232–34,

nor do the third-party affidavits demonstrate Feas's counsel "improperly exerted pressure on defendant, misrepresented material facts, and withheld information in order to induce a plea of guilty," *Sanderson*, 595 F.2d at 1021.

In all the cases relied upon by Feas to assert she is entitled to an evidentiary hearing, the affidavits identified discrete facts that, if true, would indicate a right to relief. *See McCord*, 618 F.2d at 393–95; *Sanderson*, 595 F.2d at 1021; *Vandenades*, 523 F.2d at 1223–25; *Dugan*, 521 F.2d at 233–34. In *Vandenades*, for example, the petitioner presented "a letter from the trial judge which cast serious doubts upon the validity of the consecutive sentences imposed upon him." *Vandenades*, 523 F.2d at 1224. Here, Feas's affidavits do not establish a right to relief on the basis of her claim of ineffective assistance of counsel. There is no need for an evidentiary hearing because the allegations and affidavits provided by Feas do not demonstrate she was prejudiced by her counsels' performance.

As Judge O'Sullivan correctly concluded, Feas has failed to carry her burden to establish ineffective assistance of counsel under a theory of deficient performance or conflict of interest.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 29]** is **AFFIRMED AND ADOPTED**. Petitioner, Alina Feas's Motion **[ECF No. 1]** is **DENIED**. The Clerk is directed to **CLOSE** this case, and any pending motions are **DENIED as moot**. No certificate of appealability shall issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of August, 2014.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

9